## George H. Morse *vs.* John N. Stafford.

### Somerset.   Opinion January 31, 1901.

*Mortgage.   Possession.   Landlord and Tenant.   R. S., c. 90, § 8.*

A mortgagee, or the assignee of a mortgage, may maintain a real action against a person in possession of the mortgaged premises and obtain a common law judgment for possession, without the production of the notes referred to in the mortgage, or other evidence of the existence of some portion of the mortgage indebtedness, except the mortgage itself, where there is no evidence to the contrary and no circumstances from which a payment of the indebtedness may be inferred.

It would be otherwise if either party that was entitled to do so should ask for a conditional judgment; in that case the plaintiff would be compelled to introduce evidence showing that something, and how much, was due upon the mortgage debt.   Or, if there was evidence tending to show that the debt had been fully satisfied, then it would become a question to be determined; and if the debt should be found to have been paid, the holder of the mortgage would not be entitled to a judgment for possession.

In the absence of all other evidence upon the question of payment, the mortgage itself, without the production of the notes or any evidence accounting for their non-production, is prima facie evidence of the existence of the debt at the time, and is sufficient to entitle the plaintiff to possession of the mortgaged premises and to a common law judgment therefor, when neither party entitled to do so moves for a conditional judgment.

If it is claimed that the relation of landlord and tenant exists between the mortgagee and the mortgagor, or one claiming under the latter, it must be proved, as this relation is not presumed to exist between such parties and does not grow out of the relations of mortgagee and mortgagor.

On report.   Judgment for plaintiff.

Writ of entry to recover possession of land situate in Hartland, alleged to be in possession of the defendant.   Plea, general issue and brief statement as follows:

And by the way of brief statement under the statute, the said defendant says that long before the date of the plaintiff's writ, and at the time of the commencement of said suit, and ever since, he has been in possession of the demanded premises, and tenant thereof, under and by authority of his wife, Sarah Stafford, and of the plaintiff, Geo. H. Morse, who are the owners of said demanded premises.

The defendant introduced no evidence.  The case is stated in the opinion.

*J. W. Manson and G. H. Morse*, for plaintiff.

*D. D. Stewart*, for defendant.

SITTING :  WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

WISWELL, C. J.  The only question necessary to a decision of this case is, whether the assignee of a mortgage may maintain a real action against a person in possession of the mortgaged premises and obtain a common law judgment for possession, without the production of the notes referred to in the mortgage, or other evidence, except the mortgage itself, of the existence of some part of the mortgage indebtedness, where there is no evidence to the contrary and no circumstances from which a payment of the indebtedness may be inferred.

We have no doubt that such action may be maintained and such judgment recovered.  It would be otherwise if either party that was entitled to do so should ask for a conditional judgment; in that case the plaintiff would be compelled to introduce evidence showing that something, and how much, was due upon the mortgage debt.  *Blethen* v. *Dwinal*, 35 Maine, 556.  Or, if there was evidence tending to show that the debt had been fully satisfied, then it would become a question to be determined; and if the debt should be found to be paid, the holder of the mortgage would not be entitled to judgment for possession.  *Hadlock* v. *Bulfinch*, 31 Maine, 246; *Williams* v. *Thurlow*, 31 Maine, 392; *Day* v. *Philbrook*, 85 Maine, 90.  But in all these cases the debt had been paid, as was found by the court, and the question was not involved as to what evidence was necessary to prove either the existence or payment of the debt secured by the mortgage.

Upon the other hand, in *Powers* v. *Patten*, 71 Maine, 583, this court said:  "The mortgage itself is a conveyance of the estate, and the recital of the notes in the condition of the mortgage, is an admission of their existence and of the existence of the debt.  For

the purpose of establishing the defendant's right of possession, the mortgage alone without the notes is admissible as evidence of title and the mortgage debt." In that case the mortgage was relied upon by the defendant in possession, and the court said, referring to the contention that the mortgage, without the production of the notes, was insufficient for the purpose of proving a right to possession : "If the present defendant were in the position of a demandant, and a conditional judgment was demanded by either side entitled to it, in such case she could not recover without producing the notes, or accounting for their non-production."

In *Smith* v. *Johns*, 3 Gray, 517, cited with approval in *Powers* v. *Patten*, supra, the court held that a mortgage was not merely a conveyance of the estate, but a direct admission of the existence of the notes described in the condition; and that such mortgage, without the production of the notes, was prima facie evidence in support of the defendant's right of possession.

These rules are logically deducible from the rights and obligations of the mortgagor and mortgagee, and are supported by the authorities. A mortgagee, or assignee of a mortgage, is not entitled to a conditional judgment as of mortgage, unless he proves in some way the existence of some part of the mortgage debt. If he does not move for such conditional judgment, but the defendant does, and is entitled to do so under R. S., c. 90, § 8, then the plaintiff must prove that some part of such debt remains unsatisfied. A mortgagee out of possession is not entitled to a common law judgment for possession, if upon the whole evidence it appears that the debt secured by the mortgage has been fully paid. But in the absence of all other evidence upon the question of payment, the mortgage itself, without the production of the notes, or any evidence accounting for their non-production, is prima facie evidence of the existence of the debt at that time, and is sufficient to entitle the plaintiff to possession of the mortgaged premises and to a common law judgment therefor, when neither party entitled to do so moves for a conditional judgment.

Applying these principles to the facts of this case, the plaintiff is entitled to a judgment for possession of the demanded premises.

He introduced in evidence a warranty deed of the premises to one Emery, dated November 20, 1886, a mortgage of the same from Emery, dated October 11, 1893, which mortgage recited an indebtedness of $1200, represented by six promissory notes; an assignment from the mortgagee to the plaintiff of that mortgage, and the debt thereby secured, written upon the back of the mortgage, and dated November 23, 1899. These instruments are all in due form and were all properly executed, acknowledged and recorded. No evidence whatever was introduced tending to show that the mortgage debt had been paid, and there are no circumstances from which an inference of such payment can be drawn. Neither party moved for a conditional judgment, but the case was reported to the law court for that court to order such judgment as the legal rights of the parties required.

The defendant sets up in his brief statement, under the general issue, that he was a tenant of the plaintiff and another alleged to be joint owners of the property, and it is argued that the tenancy had not been terminated as provided by statute. But no evidence was introduced showing that the relation of landlord and tenant existed, nor does it appear by what right or authority the defendant was in possession. The relation of landlord and tenant may exist between mortgagee and mortgagor, or one claiming under the latter; but this relation is not presumed to exist between such parties and does not grow out of the relations of mortgagee and mortgagor. If, between such parties, the relation of landlord and tenant does exist, it must be proved.

The counsel have also argued the question of the validity of the foreclosure of this mortgage, claimed by the plaintiff. But the question does not arise in this case. If the mortgage has been legally foreclosed, the plaintiff is entitled to a judgment for possession. We have already seen that he is entitled to such a judgment if the mortgage has not been foreclosed. We think it better not to decide that question until it arises.

*Judgment for plaintiff for possession.*